**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| SUI SENH NGUYEN,<br>Petitioners,<br>v.<br>WARDEN OF DESERT VIEW FACILITY, et al.,<br>Respondents. | Case No. EDCV 26-4644-AS<br>**MEMORANDUM DECISION AND ORDER GRANTING UNOPPOSED PETITION** |

On August 14, 2026, Petitioner Sui Senh Nguyen (A# 042-019-297) ("Petitioner"), an immigration detainee who is in the custody of United States Immigration and Customs Enforcement ("ICE") at the Desert View Facility in Adelanto, California, and is represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), seeking his immediate release on the grounds that ICE violated due process by detaining him on December 2, 2025, without prior notice or a meaningful opportunity to challenge it, despite that he had been released from immigration custody on supervision more than thirteen years earlier, in "mid-

2012," upon being found to pose neither a flight risk nor a danger to the community. (Dkt. No. 1).

On August 17, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that required Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 5). Respondents have not complied or otherwise communicated with the Court about this matter. On August 26, 2026, Petitioner filed a Reply noting that Respondents had failed to respond by the deadline and asking the Court to order his prompt release. (Dkt. No. 7).

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately from immigration detention under the same conditions to which he was subject prior to his current detention.[1]

**BACKGROUND**

Petitioner is a native of Vietnam and a citizen of the People's Republic of China who was admitted to the United States on March 20, 1990, as a lawful permanent resident through Los Angeles, California. (Petition ¶¶ 1, 28).

On January 25, 2012, the U.S. Department of Homeland Security ("DHS") issued him a Notice to Appear charging him as removable

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 3-6).

under sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1227(a)(2)(B)(i). (Petition ¶ 29). He was transferred to ICE custody on February 10, 2012. (Id. ¶ 30). On February 23, 2012, an immigration judge ordered him removed. (Id. ¶ 31). When he did not appeal, the removal order became final on March 26, 2012. (Id.). A few months later, in mid-2012, after ICE was unable to obtain the necessary travel documents to effectuate his removal, he was released on supervision. (Id. ¶ 32).

Following his release, Petitioner made good-faith efforts to comply with all the reporting requirements and the terms of his release. (Id. ¶ 33). He also worked to support himself, paid taxes, attended Buddhist temple regularly, lived openly and peacefully in the community, and incurred no criminal history. (Id. ¶ 34).

On December 2, 2025, Petitioner appeared for a routine ICE check-in and was abruptly arrested, with no prior notice and no explanation. (Id. ¶¶ 35-36, 39). To date, he still has received no meaningful opportunity to contest his detention. (Id. ¶ 36). There is no evidence that Respondents have obtained, or made meaningful progress toward obtaining, the travel documents necessary to effectuate Petitioner's removal, nor have Respondents identified any concrete plan or timeline for his removal. (Id. ¶ 40).

**DISCUSSION**

Petitioner has a substantial due process interest in being released, as he has lived in the United States for more than twenty-five years and was released on supervision more than thirteen years ago. See Zadvydas v. Davis, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (a parolee's liberty is "valuable" since it "enables him to do a wide range of things open to persons who have never been convicted of any crime," such as being employed, spending time with family and friends, and "form[ing] the other enduring attachments of normal life"); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner had substantial private interest "in remaining in her home, continuing her employment, providing for her family, obtaining necessary medical care, maintaining her relationships in the community, and continuing to attend her church"). In contrast, Respondents have failed to identify any significant government interest in detaining Petitioner at this time. There is no indication that he violated any of the terms of his supervision, nor that any changed circumstances have made his removal likely in the reasonably foreseeable future. See 8 C.F.R. § 241.4(*l*)(1) (permitting ICE to revoke release of noncitizen subject to removal order who violates a condition of release); id. § 241.13(i)(1)-(2) (permitting ICE to revoke release where noncitizen violates conditions or when, "on account of changed circumstances, [ICE] determines that there is a significant

likelihood that the [noncitizen] may be removed in the reasonably foreseeable future”). In light of these circumstances and Respondents’ non-opposition, Petitioner merits immediate release from detention.

**ORDER**

Accordingly, the Court GRANTS the Petition, and ORDERS Respondents to release Petitioner Sui Senh Nguyen (A# 042-019-297) from immigration detention immediately. Respondents also shall file a “Notice of Release” within three days of the date of this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 27, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE